# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

<table>
<tr><td>

In re

**MOULDI SAYEH,**

                  **Debtor**

</td><td>

**Chapter 11**
**Case No. 08-19596-FJB**

</td></tr>
</table>

### MEMORANDUM OF DECISION AND ORDER ON
### MOTION OF CHATAL ASSOCIATES FOR RELIEF FROM STAY OR TO CONVERT

Chatal Associates ("Chatal") has filed a motion seeking (i) relief from the automatic stay under 11 U.S.C. § 362(d)(1), (2), and (3) to foreclose its first-position mortgage on certain real property on Newbury Street, Boston, in which the Debtor, through wholly-owned entities, is operating a restaurant and a hotel, or, in the alternative, (ii) conversion of this case to one under Chapter 7 pursuant to 11 U.S.C. § 1112(b)(4)(A). By previous order, the Court ruled that Chatal is not entitled to relief under § 362(d)(3). After an evidentiary hearing on the remaining issues, the Court now finds and rules as follows.

With respect to relief from the stay under § 362(d)(2), Chatal bears the initial burden of proving that the debtor lacks equity in the property but, by its own numbers and evidence—fair market value of $3,500,000 and encumbrances of no more than $3,250,000—the Debtor has equity in the property, however quickly it may be eroding. Therefore, Chatal cannnot prevail under subsection (d)(2).

Under subsection (d)(1), Chatal seeks relief from stay for lack of adequate protection: specifically, that Chatal's present equity cushion (calculated using liquidation value) will be fully consumed by the accrual of interest on Chatal's claim before Chatal could foreclose if given relief from stay to do so today, and that the debtor's continuing nonpayment of real estate taxes that constitute a statutory lien senior to Chatal's mortgage is therefore causing that senior lien to consume value that would otherwise be necessary and available to pay Chatal's claim. The Court agrees, the Debtor having presented no evidence that it is paying its real estate taxes and

having made no offer to commence making those payments or to make adequate protection

payments of any kind.  Real estate taxes are accruing at the rate of $16,240.57, as sum that

should not be prohibitive.  The Court will deny relief from stay on the condition that the Debtor

(or the chapter 11 trustee, if one is appointed) pay the taxes as they accrue, failing which Chatal

may file a certificate of noncompliance and a demand for relief from stay to be heard on an

expedited basis.

Having been denied relief from stay, Chatal demands conversion of the case to one

under chapter 7 pursuant to § 1112(b)(4)(A), for substantial and continuing diminution of the

estate and absence of a reasonable likelihood of rehabilitation.[1]  The evidence shows that by

accrual of interest on the Chatal mortgage debt and of senior real estate taxes, the estate has

been continuously diminishing since the commencement of the case.  Before long, these

encumbrances will have completely consumed the equity that earlier was available to fund not

only junior liens but also unsecured creditors.  In addition, the debtor, who bears the initial

burden as to the likelihood of a reorganization, has offered no credible or persuasive evidence

of a reasonable likelihood of rehabilitation.  Chatal has thus established cause for conversion

under § 1112(b)(4)(A).  The debtor having offered nothing in response under  § 1112(b)(1) and

(2).  Grounds therefore exist to convert the case to chapter 7.

Though the debtor has demonstrated no prospect of reorganization, his presentation of

evidence as to viability of his business and the likelihood of a reorganization was so wholly

lacking in content and detail that the Court cannot on the present record conclude that there is

no prospect at least of wresting some equity from the property by sale of the hotel, restaurant,

and real property as a going concern, if not of a third-party plan. The record on that score is

simply opaque.  The appointment of a chapter 11 trustee may be in the best interest of the

---

[1]  At the evidentiary hearing, Chatal also argued for conversion under section 1112(b)(4)(I) (failure to pay postpetition taxes is cause to convert); however, Chatal had not made that argument in its motion or otherwise given the Debtor advance notice of the argument, and therefore Court will not now consider it.

estate.  The court may order the appointment of a chapter 11 trustee where grounds exist to convert a case under section 1112 but the court determines that the appointment of a chapter 11 trustee is in the best interest of the estate.  11 U.S.C. § 1104(a)(3).  The Court will therefore enter an order to show cause, to be heard on short notice, why the Court should not order the appointment of a trustee as an alternative to conversion of the case to chapter 7.  The trustee would take possession of the estate, including the Newbury Street property and the businesses being conducted thereon, and would be charged with (in addition to the usual duties of a trustee) (i) investigating the profitability of the debtor's businesses and the advisability of their continuing in operation and remaining in chapter 11 and (ii) reporting to the court on the same within thirty days, during which time the motion to convert would be held in abeyance.

## ORDER

For the reasons set forth above, the Court hereby ORDERS as follows:

1.      The motion of Chatal Associates for relief from the automatic stay is hereby

denied on the condition that the Chapter 11 trustee, if one is appointed, make

payment of the real estate taxes on the Newbury Street property as they accrue.

The payments shall be made in monthly payments, to be made on or before the

first day of each month, in an amount equal to one-third of the next-due quarterly

payment.

2.      The parties are hereby ORDERED TO SHOW CAUSE why the court should not

order the appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(3) for

the reasons articulated above.  Responses to the order shall be filed by July 27,

2009, at 12:00 noon.   The Court will hold a hearing on this motion on July 28,

2009, at 11:15 a.m.

3.      The Court will take no action on Chatal's conversion motion until after disposition

of the Order to Show Cause regarding appointment of a trustee.


Date:   July 23, 2009

_____
Frank J. Bailey
United States Bankruptcy Judge

4