**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>MOULDI SAYEH,<br><br>　　　　　　Debtor | Chapter 11<br>Case No. 08-19596-FJB |

**MEMORANDUM OF DECISION ON
MOTION OF CHAPTER 11 TRUSTEE TO APPROVE
<u>SETTLEMENT STIPULATION WITH KOTOBUKIYA ELIOT, INC.</u>**

　　　　The Chapter 11 Trustee, Anne White, has filed a motion for approval of a stipulation she has entered into with Kotobukiya Eliot, Inc. ("Kotobukiya"), a former tenant of the debtor, in resolution of Kotobukiya's claim against the estate and the debtor's counterclaim.  Kotobukiya asserts a claim in excess of $600,000 for breach of contract, $40,000 of which is secured by a prepetition attachment.  The total claim includes actual damages of approximately $180,000 for breach of a commercial lease agreement between the debtor and Kotobukiya, plus multiple damages and attorney's fees under Massachusetts G.L. c. 93A.  In a prepetition state court action, the debtor counterclaimed for breach of the same lease, including for five years' rent due after he terminated the lease.  Under the stipulation, Kotobukiya would have an allowed secured claim of $40,000, payable forthwith, and an unsecured claim against the bankruptcy estate for an additional $70,000, to be paid on a pro rata basis with other unsecured claims when they are paid[1]; all counterclaims by the estate against the debtor would be released; and Kotobukiya would dismiss its complaint for a determination that its claim against the debtor is excepted from discharge.  The debtor, Mouldi Sayeh, who stands a reasonable chance of receiving a surplus in this case, and whose recovery is therefore directly affected by this settlement, opposes the motion, stating that the estate should be receiving substantial payment from Kotobukiya, not the other way around; that the trustee did not adequately familiarize herself with the merits of the

---

　　　　[1] No plan has yet been filed in this case, so the timing of any distribution is highly uncertain.  If this motion is allowed, there is a strong likelihood that unsecured creditors will be paid in full.

controversy and the settlement before agreeing to it; and, in essence, that the agreement is not reasonable. After an evidentiary hearing at which the parties presented evidence as to the merits of the settlement, and for the reasons set forth below, the Court now grants the motion.

On a motion to approve a compromise of the rights of the bankruptcy estate by a trustee in bankruptcy, the task of the court is not to substitute its judgment for that of the trustee but to ascertain, after consideration of certain relevant factors, whether the proposed settlement falls within the range of reasonableness. *Hicks, Muse & Co., Inc. v. Brandt (In re Healthco Int'l, Inc.)*, 136 F.3d 45, 50-51 (1st Cir. 1998). The court must consider the probability of success in the underlying litigation, the interests of affected creditors and a proper deference to their views, the difficulties in collecting a judgment, the experience and competence of the fiduciary proposing the settlement, and the complexity of the litigation, including the expense, inconvenience, and delay attending it. *Id.*; *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995).

I make the following findings. The trustee is well experienced in matters of this sort. With respect to the present matter, she entered into the stipulation only after considerable research into the merits of the underlying controversy, the likelihood of success in the matter, the expense of not settling, and the possible consequences for the affected constituencies—especially the unsecured creditors and the debtor—of not settling the matter. The debtor contends that she did not consult him about the matter, but the evidence shows that her attorney did interview the debtor about the settlement, and that she herself spoke at length about this matter with the attorney who represented the debtor in the prepetition litigation; there is no merit to debtor's contention that she is unfamiliar with his position in the matter. She testified in detail about her weighing of the various factors, and her considerations appear germane and sound. Her view is therefore entitled to considerable deference.

The court need not make a determination about the merits of the underlying litigation, only about the wisdom of the settlement. The settlement appears both prudent and measured. The proposed settlement would pay Kotobukiya considerably less than the full amount of its

2

actual damages for the debtor's alleged breach. Were the matter to be tried, the evidence suggests, there exists a reasonable likelihood that the estate would be subject to damages for the full $180,000, plus Kotobukiya's attorney's fees; and multiple damages under G.L. c. 93A would not be out of the question. In addition, the estate would incur substantial costs and delay in litigating the matter, regardless of its outcome. The first effect of a judgment larger than the settlement would be to dilute the distribution to unsecured creditors, perhaps quite a lot. As the unsecured creditors have priority over the debtor, the trustee was justified in giving greater weight to the protection of their position. She is not unjustified in refusing to risk their dividends for the sake of a highly uncertain gain for the debtor.

With respect to the likelihood of success in continued litigation, the trustee has demonstrated that her success would be anything but assured. The nature of the dispute is largely a matter of the credibility of the debtor and of the principal of Kotobukiya. The trustee believes with some justification that the debtor would not appear credible; on the other hand, the principal of Kotobukiya testified at the hearing very credibly. Also, the trustee has determined that even if the estate could show that Kotobukiya was at fault and not the debtor, recoverable damages for lost rents would be limited because of the debtor's failure to mitigate by reletting the premises and because of the trustee's sale of the property; and the trustee's judgment on this matter appears to be well-supported.

In short, the trustee has comfortably sustained her burden of showing that the proposed settlement falls within the range of reasonableness. The court will therefore enter a separate order approving the stipulation.

Date: May 26, 2010

_____
Frank J. Bailey
United States Bankruptcy Judge